IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| Todd Cogle, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Weltman, Weinberg & Reis Co., LPA, | ) | |
| Credit Bureau of Napa County, Inc. | ) | |
| d/b/a Chase Receivables, | ) | |
| Merchants Credit Guide Co., and | ) | |
| John Doe Corporations 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.      This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transacts business in this district.

## PARTIES

4.      Plaintiff, Todd Cogle ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Mexico, County of Bernalillo, and City of Albuquerque.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Weltman, Weinberg & Reis, Co., LPA ("Weltman"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Weltman is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant, Credit Bureau of Napa County, Inc. d/b/a Chase Receivables ("Chase Receivables"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9.      Chase Receivables is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10.      Defendant, Merchants Credit Guide Co. ("Merchants"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11.      Merchants is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12.      John Doe Corporations 1 through 3 are each a creditor on whose

behalf Weltman, Chase Receivables, and Merchants attempted to collect a debt from Plaintiff.

## FACTUAL ALLEGATIONS

13.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt, or debts, owed or due, or asserted to be owed or due a creditor or creditors.

14.     Plaintiff's alleged obligation, or obligations, owed or due, or asserted to be owed or due, arise from a transaction, or transactions, in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

## WELTMAN'S COLLECTION ACTIVITY

15.     Weltman uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

16.     Prior to April 2012, in connection with the collection of an alleged debt in default, Weltman began trying to collect account ending in 1267 ("Account 1267") from Plaintiff.

17.     Plaintiff, via his counsel, sent written correspondence dated April 13, 2012 to Weltman, regarding Account 1267, and in such correspondence, stated in relevant part:

> Please be advised that this office represents the above-named individual regarding the aforementioned account.

> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them.

(See April 13, 2012 correspondence, attached as Exhibit A).

18.     Weltman received Plaintiff's notice of representation letter on April 19, 2012 at 8:55 A.M.  (See USPS Delivery Confirmation, attached as Exhibit B).

19.     Despite its knowledge that Plaintiff was represented by counsel, Weltman by and through its agent and/or employee "Douglas," placed a call to Plaintiff's cellular telephone number on September 12, 2012 at 1:29 P.M., and at such time, left a voicemail message stating Weltman was attempting to collect a debt from Plaintiff.

20.     Weltman by and through its agent and/or employee "Douglas," placed a call to Plaintiff's cellular telephone number on September 14, 2012 at 1:15 P.M., and at such time, left a voicemail message stating Weltman was attempting to collect a debt from Plaintiff.

21.     Plaintiff's counsel did not provide Weltman with consent to any direct communication with Plaintiff.

22.     At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from Weltman.

23.     Upon information and good-faith belief, Weltman placed telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24.     Weltman did not place any telephone calls to Plaintiff for emergency purposes.

25.     Weltman did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

26.     Upon information and good-faith belief, Weltman placed telephone calls to Plaintiff voluntarily.

27.     Upon information and good-faith belief, Weltman placed telephone calls to Plaintiff under its own free will.

28.     Upon information and good-faith belief, Weltman had knowledge that it was using an automatic telephone dialing system to make and/or place telephone calls to Plaintiff.

29.     Upon information and good-faith belief, Weltman intended to use an automatic telephone dialing system to make and/or place telephone calls to Plaintiff.

30.     Upon information and good-faith belief, Weltman maintains business records that show all calls Weltman placed to Plaintiff's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

## CHASE RECEIVABLES' COLLECTION ACTIVITY

31.     Chase Receivables uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

32.     In connection with the collection of an alleged debt in default, Chase Receivables placed a call to Plaintiff's cellular telephone number on September 15, 2012 at 1:39 P.M., and at such time, left the following pre-recorded voicemail message:

> Please hold for an important message.  By continuing to listen to this message you acknowledge that you are Todd Cogle.  This call contains personal and private information.  Please listen in private. This is a message from Chase Receivables.  This is not a sales call and it's very important we speak with you.  Please call us back at 800-622-0484. That number once again is 800-622-0484.  Thank you.

33.     In connection with the collection of an alleged debt in default, Chase Receivables placed a call to Plaintiff's cellular telephone number on September 17, 2012 at 10:47 A.M., and at such time, left the following pre-recorded voicemail message:

> Please hold for an important message.  By continuing to listen to this message you acknowledge that you are Todd Cogle.  This call contains personal and private information.  Please listen in private. This is a message from Chase Receivables.  This is not a sales call and it's very important we speak with you.  Please call us back at 800-622-0484.  That number once again is 800-622-0484.  Thank you.

34.     In connection with the collection of an alleged debt in default, Chase Receivables placed a call to Plaintiff's cellular telephone number on October 1, 2012 at 8:38 P.M., and at such time, left the following pre-recorded voicemail message:

> Please hold for an important message.  By continuing to listen to this message you acknowledge that you are Todd Cogle.  This call contains personal and private information.  Please listen in private. This is a message from Chase Receivables.  This is not a sales call and it's very important we speak with you.  Please call us back at 800-622-0484.  That number once again is 800-622-0484.  Thank you.

35.     In its September 15, 2012, September 17, 2012, and October 1, 2012 voicemail messages, Chase Receivables failed to notify Plaintiff that the communication was from a debt collector.

36.     In failing to disclose that the communication was from a debt collector, in its September 15, 2012, September 17, 2012, and October 1, 2012 voicemail messages, Chase Receivables failed to provide meaningful disclosure of its identity to Plaintiff.

37.     During its September 15, 2012, September 17, 2012, and October 1, 2012 telephone calls, Chase Receivables delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

38.     Upon information and good-faith belief, Chase Receivables placed telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

39.     Chase Receivables did not place any telephone calls to Plaintiff for emergency purposes.

40.     Chase Receivables did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

41.     Upon information and good-faith belief, Chase Receivables placed telephone calls to Plaintiff voluntarily.

42.     Upon information and good-faith belief, Chase Receivables placed telephone calls to Plaintiff under its own free will.

43.     Upon information and good-faith belief, Chase Receivables had knowledge that it was using an automatic telephone dialing system and an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff.

44.     Upon information and good-faith belief, Chase Receivables intended to use an automatic telephone dialing system and an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff.

45.     Upon information and good-faith belief, Chase Receivables maintains business records that show all calls Chase Receivables placed to Plaintiff's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

## MERCHANTS' COLLECTION ACTIVITY

46.     Merchants uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due,

or asserted to be owed or due another.

47.     In connection with the collection of an alleged debt in default, Merchants, by and through its agent and/or employee "Ms. Coopster," placed a call to Plaintiff's cellular telephone number on September 27, 2012 at 10:20 A.M., and at such time, left the following voicemail message:

> Todd Cogle, please contact Ms. Coopster 888-249-4134 my extension is 3764.  Communication is from a debt collector and this is an attempt to collect a debt.  Please call me back today.  I'm at 888-249-4134 extension 3764 [2 seconds of background noise]. Please return my call today [16 seconds of background noise].

48.     In its September 27, 2012 voicemail message, Ms. Coopster failed to disclose the identity of her employer or otherwise provide any indication as to the identity of the debt collector.

49.     In failing to disclose its true corporate or business name in its September 27, 2012 voicemail message, Merchants failed to provide meaningful disclosure of its identity to Plaintiff.

50.     Upon information and good-faith belief, Merchants placed telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

51.     Merchants did not place any telephone calls to Plaintiff for emergency purposes.

52.     Merchants did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

53.     Upon information and good-faith belief, Merchants placed telephone calls to Plaintiff voluntarily.

54.     Upon information and good-faith belief, Merchants placed telephone calls to Plaintiff under its own free will.

55.     Upon information and good-faith belief, Merchants had knowledge that it was using an automatic telephone dialing system to make and/or place telephone calls to Plaintiff.

56.     Upon information and good-faith belief, Merchants intended to use an automatic telephone dialing system to make and/or place telephone calls to Plaintiff.

57.     Upon information and good-faith belief, Merchants maintains business records that show all calls Merchants placed to Plaintiff's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)
## WELTMAN

58.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

59.     Weltman violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to any initial attempt to communicate, and

where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Weltman violated 15 U.S.C. § 1692c(a)(2);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692c(c)
### WELTMAN

60.   Plaintiff repeats and re-alleges each and every factual allegation contained above.

61.   Weltman violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff directly after Plaintiff, by and through his counsel, had notified Weltman in writing that Plaintiff wished the debt collector to cease further communication with Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Weltman violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
## WELTMAN

62.    Plaintiff repeats and re-alleges each and every factual allegation above.

63.    Weltman violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Weltman violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Weltman from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**
**JOHN DOE CORPORATION 1**

64.    Plaintiff repeats and re-alleges each and every factual allegation above.

65.    Weltman violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without

the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

66.    As the creditor on whose behalf the calls were placed, John Doe Corporation 1 is liable for Weltman's placement of non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii), as if John Doe Corporation 1 placed said calls itself.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that John Doe Corporation 1 violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining John Doe Corporation 1 from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692d(6)
## CHASE RECEIVABLES

67.    Plaintiff repeats and re-alleges each and every factual allegation above.

68.    Chase Receivables violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Chase Receivables violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(11)
## CHASE RECEIVABLES

69.     Plaintiff repeats and re-alleges each and every factual allegation above.

70.     Chase Receivables violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Chase Receivables violated 15 U.S.C. § 1692e(11);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
## CHASE RECEIVABLES

71.   Plaintiff repeats and re-alleges each and every factual allegation above.

72.   Chase Receivables violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Chase Receivables violated 47 U.S.C. § 227(b)(1)(A)(iii);

b)   Enjoining Chase Receivables from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c)   Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d)   Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)   Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
## JOHN DOE CORPORATION 2

73.     Plaintiff repeats and re-alleges each and every factual allegation above.

74.     Chase Receivables violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

75.     As the creditor on whose behalf the calls were placed, John Doe Corporation 2 is liable for Chase Receivables' placement of non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii), as if John Doe Corporation 2 placed said calls itself.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that John Doe Corporation 2 violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining John Doe Corporation 2 from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF 15 U.S.C. § 1692d(6)
## MERCHANTS

76.    Plaintiff repeats and re-alleges each and every factual allegation above.

77.    Merchants violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Merchants violated 15 U.S.C. § 1692d(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
## MERCHANTS

78.   Plaintiff repeats and re-alleges each and every factual allegation above.

79.   Merchants violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Merchants violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Merchants from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

**COUNT XI**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**
**JOHN DOE CORPORATION 3**

80.   Plaintiff repeats and re-alleges each and every factual allegation above.

81.   Merchants violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without

the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

82.    As the creditor on whose behalf the calls were placed, John Doe Corporation 3 is liable for Merchants' placement of non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii), as if John Doe Corporation 3 placed said calls itself.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that John Doe Corporation 3 violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining John Doe Corporation 3 from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

83.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully Submitted this 16th day of November, 2012,

s/Anita M. Kelley
Anita M. Kelley
Law Office of Anita M. Kelley
P.O. Box 37487
Albuquerque, NM  87176
(505) 750-0265

*Co-counsel with WEISBERG & MEYERS, LLC*

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@AttorneysForConsumers.com